IH-32                                                                                                          Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

### Full Caption of Later Filed Case:

Wilmington Trust, N.A., not in its individual capacity, but solely
in its capacity as Trustee for The Registered Holders of
Ashford Hospitality Trust 2018-KEYS Commercial Mortgage
Pass-Through Certificates, acting by and through Trimont Real
Estate Advisors, LLC as Special Servicer under the Pooling
and Servicing Agreement dated as of July 16, 2018

| Plaintiff | Case Number |
|---|---|
| vs. | 1:23-cv-09989-AT |
| Ashford Tipton Lakes LP; Ashford Scottsdale LP; Ashford Phoenix Airport LP; Ashford Hawthorne LP; Ashford Plymouth Meeting LP; Ashford San Jose LP; and Ashford LV Hughes Center LP | |

Defendants

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Wilmington Trust, N.A., not in its individual capacity, but solely
in its capacity as Trustee for The Registered Holders of
Ashford Hospitality Trust 2018-KEYS Commercial Mortgage
Pass-Through Certificates, acting by and through Trimont Real
Estate Advisors, LLC as Special Servicer under the Pooling
and Servicing Agreement dated as of July 16, 2018

| Plaintiff | Case Number |
|---|---|
| vs. | 1:23-cv-09988-JLR |
| Ashford Newark LP; Ashford BWI Airport LP; Ashford Oakland LP; Ashford Plano-C LP; Ashford Plano-R LP; Ashford Manhattan Beach LP; and Ashford Basking Ridge LP | |

Defendants

IH-32                                                                                          Rev: 2014-1

Status of Earlier Filed Case:

☐   Closed          (If so, set forth the procedure which resulted in closure, e.g., voluntary
                    dismissal, settlement, court decision.  Also, state whether there is an appeal
                    pending.)

☑   Open            (If so, set forth procedural status and summarize any court rulings.)

Civil Action No. 1:23-cv-09989-AT (the "Later Filed Case") is related to Wilmington Trust v. Ashford Newark LP, et al., Civil Action No. 1:23-cv-09988-JLR (the "Earlier Filed Case"), which was filed immediately before the second case.  The Earlier Filed Case is currently pending.  On November 14, 2023, the Court entered a minute entry on the docket of the Earlier Filed Case.  The entry is styled as an "order," and the Court notified the parties of "Initial Pretrial Conference" and required counsel for all parties to appear for the conference on February 15, 2024 at 12:00 p.m.  In the Later Filed Case, the Court entered an Initial Pretrial Scheduling Order for the parties to submit a joint letter and a jointly proposed Case Management Plan and Scheduling order by January 15, 2024.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

These cases both arise from two loans made by the initial lenders, which were Plaintiff's predecessors-in-interest, to 14 borrowers that are corporate affiliates.  The loans were made in connection with each affiliate's ownership and operation of real property and improvements as a Marriott-Branded hotel (e.g., as a Marriott Courtyard, a Residence Inn, or a SpringHill Suites).  The seven Defendants in the Later Filed Case collectively borrowed $149,400,000.00, and the seven Defendants in the Earlier Filed Case collectively borrowed $144,400,000.00.

Aside from the specific borrower entities, the amount of the loans, and the location of the collateral securing each borrower's obligations, the underlying loan documents and obligations are essentially the same in both cases.  Both loans are generally non-recourse obligations, with the exception of certain qualifications that are not issue.  As such, Plaintiff's remedy is limited to recovery of the collateral securing each loan.

Plaintiff is seeking to foreclose upon the collateral securing each loan, but anticipates that it will take several months to complete the process of foreclosing upon 14 separate properties in eight states.  Therefore, both complaints also seek interim relief by asking the Court to appoint a receiver to take control of Defendants' assets, i.e. each specific hotel property, so that the hotels, which serve as each loan's collateral, do not experience severe loss of value.  The basis for seeking a receiver is the same in both cases.  The value of each hotel is preserved and maximized by each location's ongoing ability to continue operating under its respective franchise agreement with Marriott.  Plaintiff intends to nominate a receiver with expertise and experience that will be acceptable to Marriott.  In addition, Plaintiff understands that a substantial infusion of funds is needed to continue operating certain hotels over the next several months.  Plaintiff is willing to make a protective advance, if a receiver is appointed, to avoid any disruptions to the hotels' operations, which would impair the value of the collateral.

Based on the foregoing facts, Plaintiff therefore respectfully suggests that the same Judge should be assigned to both cases.

Signature: /s/ Frederick L. Whitmer          Date: 11/21/2023

Firm: Kilpatrick Townsend & Stockton LLP