

**KILPATRICK TOWNSEND & STOCKTON LLP**
www.kilpatricktownsend.com

The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
t 212 775 8700  f 212 775 8800

direct dial 212 775 8773
direct fax 212 775 8821
fwhitmer@kilpatricktownsend.com

November 21, 2023

**VIA EMAIL AND ECF**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

Re:   *Wilmington Trust, National Association, solely in its capacity as Trustee for the Registered Holders of Ashford Hospitality Trust 2018-KYES Commercial Mortgage Pass-Through Certificates, Acting by and Through Trimont Real Estate Advisors, LLC v. Ashford Tipton Lakes LP, et al.*,
Civil Action No. 1:23-cv-09989-AT[1]
Plaintiff's Request for Permission to File Motion for Appointment of a Receiver

Dear Judge Torres:

In accordance with the Court's "Individual Practices in Civil Cases," counsel for the Plaintiff respectfully requests permission to file a Motion for Appointment of a Receiver in the above-captioned case. Our basis for the proposed motion is set forth below.

## Summary of Plaintiff's Claims

Plaintiff is the current holder of promissory notes, security instruments, and other loan documents (collectively the "Loan Documents") evidencing that in 2018, Defendants collectively borrowed $144,400,000.00 (the "Loan") from the original lenders that were Plaintiff's predecessor-in-interest. Each of the seven Defendants, which are corporate affiliates, separately owns real property and personal property (collectively the "Hotels" or the "Properties") located in five states, with each location being operated as a Marriott-Branded hotel (*e.g.*, as a Marriott Courtyard, a Residence Inn, or a SpringHill Suites).

Each security instrument grants the lender a security interest in the collateral securing Defendant's financial obligations; such collateral consists of (1) the real property and

---

[1]   A related case, Civil Action No. 1:23-cv-09988-JLR, is pending before Judge Rochon. Plaintiff plans to file a motion in that case because Judge Rochon's individual rules do not require a pre-motion letter, but Plaintiff, in an abundance of caution, did not want to file its motion before notifying both judges of the case.

ANCHORAGE  ATLANTA  AUGUSTA  BEIJING  CHARLOTTE  CHICAGO  DALLAS  DENVER  HOUSTON  LOS ANGELES  NEW YORK  PHOENIX  RALEIGH
SAN DIEGO  SAN FRANCISCO  SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON  WINSTON-SALEM

The Honorable Analisa Torres
November 21, 2023
Page 2

improvements comprising each Hotel, (2) each Hotel's personal property, including its books and records, and (3) the revenues from each Hotel's operations. In the event of default, the Loan Documents and security instruments authorize Plaintiff as the current holder of the notes to seek the appointment of a receiver to take possession of the assets.

The loans matured in July 2023, Defendants defaulted on the loans by failing to pay the outstanding balance at maturity. Defendants have not paid the outstanding as of this letter and remain in default. Because these loans are non-recourse, Plaintiff's recourse is limited to the value of the collateral securing the loans.

Consistent with its rights under the Loan Documents, Plaintiff intends to exercise its rights and foreclose upon the collateral securing the Loan. Given the number of Hotels and number of states where the Hotels are located, Plaintiff anticipates that it will take several months to complete the foreclosure process. In the interim, a receiver is needed to maintain and preserve the value of the Hotels as operating entities that are in compliance with the Marriott franchise agreement. Plaintiff has learned that the Hotels require a significant influx of cash to continue operating, and Defendants do not appear to be able to provide the resources necessary to continue managing the hotels effectively. As such, appointment of a receiver is Plaintiff's only viable remedy at law. Plaintiff requests appointment of a receiver to avoid imminent and severe loss of value to the Hotels and to secure Plaintiff's remedies under the applicable loans.

### Summary Argument Supporting the Appointment of a Receiver

It is well established that federal courts may appoint a receiver where a note and security agreement authorize the remedy. *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97-98 (2d Cir. 1988) ("It is entirely appropriate for a mortgage holder to seek the appointment of a receiver where the mortgage authorizes such appointment, and the mortgagee has repeatedly defaulted on conditions of the mortgage [that] constitute one or more events of default.") (citing *Mancuso v. Kambourelis*, 72 A.D.2d 636, 637, 421 N.Y.S.2d 130, 131 (3d Dep't 1979)).[2] Indeed, "the existence of a provision authorizing the application for a receiver in the event of a default, 'strongly supports the appointment of a receiver' when there is a default." *U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 250 (S.D.N.Y. 2012) (citing *Citibank, N.A.*, 839 F.2d at 97). In this case, the loan documents authorize Plaintiff to seek such relief; accordingly, the appointment is appropriate.[3]

In determining whether the appointment of a receiver is warranted, federal courts consider several factors, including whether there is "***imminent danger of the property being*** lost, concealed,

---

[2] *See also Brill & Harrington Invs. v. Vernon Sav. & Loan Ass'n*, 787 F. Supp. 250, 253-54 (D.D.C. 1992) (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2983 (1973) ("Creditors with a security interest in real property have a well-established interest … sufficient to support the appointment of a receiver.")).

[3] Plaintiff intends to support the motion with declarations from (1) Geoffrey Hunerdosse, who is the Director-Senior Underwriter at Trimont Real Estate Advisors; and (2) from the proposed receiver, Jeffrey Kolessar, who the Chief Development Officer of GH Hotels.

injured, ***diminished in value***, or squandered"; "the inadequacy of the available legal remedies"; "the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment"; and the "plaintiff's probable success in the action and the possibility of irreparable injury to [its] interests in the property." *Id.*, 866 F. Supp. 2d at 249-50 (emphasis added) (granting motion to appoint receiver and citing factors) (quoting *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (quoting *Federal Practice and Procedure*) (internal alterations omitted).) The emphasized factors also weigh in favor of the appointment of a receiver of the Properties. There is imminent danger that the Properties will diminish in value in the absence of an appointed receiver. The supporting declarations will confirm that all the Properties are operated as Marriott-branded hotels. As such, the value of each of the Properties is preserved and maximized by each location's ongoing ability to continue operating under its respective franchise agreement with Marriott. This includes each Hotel's ability to continue participating in Marriott's centralized reservation and booking system. Without common oversight and management of the hotels, there is manifest danger of diminution of the value the Hotels. In addition to this concern, Plaintiff has learned that certain Hotels require a substantial infusion of funds to continue operating for the next several months. These funds are needed to meet payroll obligations for essential workers such as maintenance and housekeeping staff and to pay utilities, insurance, and other operating expenses, including third-party vendors.[4]

Plaintiff's legal remedies would be inadequate in the absence of an appointed receiver. Indeed, the Loan is generally non-recourse such that, except under limited circumstances as set forth in the Loan Documents, Defendants have no personal liability for its repayment. Thus, Plaintiff's primary, if not, sole avenue for recovery on the Loan is the Properties and the Rents.

Finally, Plaintiff is likely to succeed on its underlying breach-of-contract claim, which under New York law, consists of the following four elements: (1) the existence of a valid contract; (2) Plaintiff's performance of the contract; (3) Defendants' material breach of the contract; and (4) resulting damages. *See e.g., FaZe Clan Inc. v. Tenney, 467 F. Supp. 3d 180, 189 (S.D.N.Y. 2020) (listing elements) (citing First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (apply New York law)). Defendants failed to make payments as required by the underlying loan documents, resulting in a clear breach of contract.

---

[4] Plaintiff as lender is not required to advance funds under the loan documents, but is willing to make a protective advance, if a receiver is appointed, to avoid any disruptions to the Hotel's operations, which would impair the value of the collateral. Plaintiff will advance the funds only if the Properties and funds are under the control of the receiver rather than the Defendants/Borrowers.

The Honorable Analisa Torres
November 21, 2023
Page 4

## Conclusion

As demonstrated by Plaintiff's proposed argument, Plaintiff satisfies the factors necessary for a receivership and has demonstrated a need for said receivership.

Thank you in advance for your consideration.

                                                  Respectfully submitted

                                                  /s/ Frederick L. Whitmer

                                                  Frederick L. Whitmer